**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SKYCAM, INC., a Delaware Corporation, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )  **Case No. 09-CV-294-GKF-FHM**<br>)<br>)  **DEMAND FOR JURY TRIAL** |
| PATRICK J. BENNETT, an individual, and ACTIONCAM, LLC, an Oklahoma Limited Liability Company, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

**AMENDED COMPLAINT**

Plaintiff, Skycam, Inc. for its Amended Complaint against the Defendants, Patrick J. Bennett ("Bennett") and Actioncam, LLC ("Actioncam") (collectively, "Defendants'"), allege and state as follows:

**NATURE OF COMPLAINT**

1.  This is an action for injunctive relief and monetary damages arising out of, *inter alia*, Defendants' copyright infringement, trade secret misappropriation, violation of the Oklahoma Deceptive Trade Practices Act, unfair competition, conversion, tortious interference with prospective economic relations, tortious interference with business relations, conspiracy and Bennett's breach of contract.

## THE PARTIES

2. Skycam, LLC is an Oklahoma limited liability company with a principal place of business located at Two Warren Place, 6120 S. Yale, Second Floor, Tulsa, Oklahoma 74136.

3. Skycam, Inc. is a Delaware corporation with a principal place of business located at Two Warren Place, 6120 S. Yale, Second Floor, Tulsa, Oklahoma 74136.

4. Outdoor Channel Holdings, Inc., a Delaware corporation purchased certain of the assets of Skycam, LLC on January 12, 2009 including all rights, titles, and interests that Skycam, LLC has or may have to intellectual property, including without limitation, intellectual property owned, used, useful, or developed in connection with the ownership of the Skycam® System and the operation of the Skycam business.

5. On January 12, 2009, Outdoor Channel Holdings, Inc. assigned the Assets to Skycam, Inc., a Delaware corporation and a wholly-owned indirect subsidiary of Outdoor Channel Holdings, Inc.  Skycam, LLC and Skycam, Inc. are collectively referred to as "Skycam" in this Complaint.

6. Upon information and belief, Defendant Bennett is an individual residing in Oklahoma.  Bennett was previously employed by Skycam, LLC.  Bennett is the founder and chief executive officer of Actioncam.

7. Defendant Actioncam is an Oklahoma limited liability company with a principal place of business located at 3455 N. Osage Dr., Tulsa, Oklahoma 74127.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1125(a), 17 U.S.C. § 101, and 28 U.S.C. §§ 1331, 1338(b). This Court has pendent jurisdiction of the state law claims because those claims are joined with a substantial and related claim under the Lanham Act and/or Copyright Act.

9. This Court has personal jurisdiction over Bennett because he resides in this judicial district.

10. This Court has personal jurisdiction over Actioncam because it maintains a principal place of business in the State of Oklahoma.

11. Venue for this action is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that the acts alleged against Defendants occurred in this judicial district.

## FACTUAL BACKGROUND

12. The Skycam® System is an Emmy award winning aerial camera system that is utilized worldwide to obtain unique above the action camera perspectives during live sporting events. Television viewers have seen the viewpoints provided by the Skycam® System in marquee sporting events such as the Super Bowl, NCAA Final Four, and Monday Night Football.

13. Starting around April of 2004, Winnercomm, Inc. ("Winnercomm"), began negotiations to acquire the Skycam® System from CFInflight, LTD ("CFInflight") who owned the system at that time.

14. During the due diligence process of the negotiations to acquire the Skycam® System from CFInflight, Winnercomm hired Insight Engineering to evaluate the Skycam® System and issue a report on the technology and equipment being acquired.

15. Insight Engineering's parent company, McElroy Manufacturing, entered into a Non-Disclosure Agreement (the "NDA") with CF Inflight.

16. Under the terms of the NDA, employees of Insight Engineering were given full access to the Skycam® System and its proprietary engineering and design documents.

17. Bennett was President and CEO of Insight Engineering and had access to the Skycam® System.

18. Under the direction of Bennett, Insight Engineering prepared and issued a due diligence and design report to Winnercomm that among other things, set forth a detailed account of the Skycam® System and outlined areas for improvement. The NDA acknowledging the confidential nature of the report is acknowledged on every page of the final report.

19. Subsequent to review of the Insight Engineering report, Winnercomm's owners formed Skycam, LLC to purchase CFInflight, LTD thereby acquiring the Skycam® System and the intellectual property rights relating thereto.

20. Skycam LLC's (and now Skycam, Inc.) primary business is utilizing the Skycam® System to provide broadcast quality aerial camera viewpoints for sporting and other events.

21. Skycam, LLC hired Bennett as its Chief Engineer during which time Bennett was given full access to Skycam's engineering and design documents.

22. During the course of his work and/or employment with Skycam, LLC, Bennett began developing additional technology for the Skycam® System.

23. During the course of Bennett's work and/or employment with Skycam, LLC, Bennett created an animated three-dimensional model of a stabilized camera system (the "Spar"), a physical mockup of the Spar and a short video of a motor/gear system and presented these items on several occasions to Roy Patton, the General Manager of Skycam, LLC. While working for Skycam, LLC, Bennett also sent internal email communication to other employees within the company explaining the new developments he was testing for the Skycam® System with respect to additional stabilization algorithms and hardware.

24. During the course of Bennett's work and/or employment with Skycam, LLC, Skycam, LLC made available to Bennett confidential and trade secret vendor information that was acquired and developed over many years.

25. Bennett also developed additional vendor contacts during the course of and as a direct benefit of his work and/or employment with Skycam, LLC. Skycam, LLC considered the additional vendors developed by Bennett during the course of his work and/or employment with Skycam, LLC to be confidential and trade secret information.

26. During the course of Bennett's work and/or employment with Skycam, LLC, Skycam, LLC made available to Bennett confidential and trade secret customer information and contact details that were acquired and developed over many years.

27. Bennett also developed additional customer contacts during the course of and as a direct benefit of his work and/or employment with Skycam, LLC. Skycam, LLC considered the additional customer contacts developed by Bennett during the course of his work and/or employment with Skycam, LLC to be confidential and trade secret information.

28. During the course of Bennett's work and/or employment with Skycam, LLC, Bennett had access to the contact details for customers who previously purchased aerial camera services from Skycam, LLC and contact details for customers who were interested in purchasing or utilizing an aerial camera system in the future.

29. On or around January 3, 2006, Bennett's employment with Skycam, LLC was terminated pursuant to the terms of a Separation Agreement and Release dated January 5, 2006 (the "Agreement").

30. Included in the signed Agreement under the section entitled Covenants and Obligations of Employee, Bennett agreed to maintain the confidentiality of all of Skycam, LLC's proprietary and trade secret information.

31. Without permission from Skycam, Bennett wrongfully appropriated Skycam's confidential and proprietary engineering documents and designs for its Skycam® System.

32. Without permission from Skycam, Bennett wrongfully appropriated Skycam's confidential and proprietary customer and vendor information, including the customer and vendor information Bennett prepared while working for Skycam, LLC.

33. Subsequent to termination from Skycam, LLC, Bennett founded Actioncam where Bennett serves as chief executive officer.

34. Under Bennett's guidance, Actioncam has developed an aerial camera system that is competitive to the Skycam® System.

35. The Actioncam system makes use of the Skycam® System designs and technology created by Bennett and others during his work with Skycam, LLC.

36. Bennett has wrongfully used Skycam's proprietary technology to build the Actioncam system.

37. Bennett has wrongfully used Skycam's customer information to solicit customers to do business with Actioncam, rather than Skycam.

38. Bennett has wrongfully used Skycam's vendor information to solicit vendors for components used to build the Actioncam system.

39. Components of the Actioncam system utilize parts supplied by Skycam's vendors.

40. Subsequent to entering the Agreement with Skycam, LLC, and without authorization, Bennett published engineering documents made during the course of his work and/or employment with Skycam, LLC to his website www.patrickjbennett.com.

41. Bennett's website made unauthorized use of Skycam's Skycam® trademark.

# FIRST CLAIM FOR RELIEF

# COPYRIGHT INFRINGEMENT

42. Skycam, Inc. re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

43. Skycam has made and continues to make a substantial investment in the design, development, and testing of aerial camera systems which include the Skycam® System and next generation versions of the Skycam® System.

44. During his work and/or employment with Skycam, LLC, Bennett created numerous engineering, design, and test documents on behalf of Skycam, LLC that are subject to copyright protection under the Copyright Act.

45. Upon information and belief, Defendants have violated the Copyright Act by reproducing, distributing, performing, publicly displaying or making derivative works of Skycam, LLC's copyrighted documents without permission from Skycam, LLC.

46. Skycam's copyrighted documents have been recorded with the United States Copyright Office, U.S. Registration No. VAU000980883.

47. Bennett posted Skycam, LLC's copyrighted materials to the website www.patrickjbennett.com without authorization from Skycam, LLC.

48. As a result of Defendants' acts, Skycam, LLC's assignee, Skycam, Inc., has been and continues to suffer damage in an amount to be proven at trial.

49. Skycam, Inc. will suffer irreparable harm should Defendants' unlawful conduct be allowed to continue to the detriment of Skycam, Inc.

50. Skycam, Inc.'s remedy at law is not by itself adequate and Skycam, Inc. has suffered and continues to suffer irreparable harm such that Skycam, Inc, is entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

## MISAPPROPRIATION OF TRADE SECRETS

51. Skycam, Inc. re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

52. This is an action for misappropriation and use of trade secrets under applicable state and common law, including the Oklahoma Trade Secrets Act codified at 78 Okla. Stat. § 85 *et seq*.

53. Skycam, Inc. possesses valuable trade secret information misappropriated by Defendants. A detailed description of the trade secrets will be set forth under appropriate obligations of confidentiality pursuant to 78 O.S. § 90.

54. Skycam's trade secrets were not known within the industry or to the public at large.

55. Skycam has undertaken proper and reasonable efforts to insure that its innovative technology and designs remain trade secrets known only to Skycam and to others under written confidentiality agreements, including the Agreement between Skycam, LLC and Bennett.

56. On or about January 5, 2006, Skycam, LLC and Bennett entered into Separation Agreement and Release relating to the trade secrets, particularly confidential

and proprietary information relating to the Skycam® System that are the subject of this action.

57. Under the Agreement, Bennett was not to use or disclose Skycam, LLC's trade secrets without prior authorization and consent of Skycam, LLC.

58. In addition, Bennett was obligated not to disclose or use Skycam, LLC's trade secrets pursuant to the NDA.

59. Defendants misappropriated Skycam's trade secrets, relating to the Skycam® System, incorporated that confidential trade secret information into Defendant's camera system, with a conscious and willful disregard for Skycam's rights.

60. At all times mentioned herein, Skycam's trade secrets had independent economic value.

61. During the course of Bennett's work and/or employment with Skycam, LLC, Skycam, LLC made available to Bennett certain customer and vendor information that was acquired and developed over many years.

62. Bennett also developed additional customer and vendor contacts during the course of his work and/or employment with Skycam, LLC.

63. Skycam's customer information includes the contact details for customers who have purchased aerial camera services before or may be interested in purchasing or utilizing an aerial camera system.

64. Without permission from Skycam, Bennett wrongfully appropriated Skycam's customer and vendor information, including the customer and vendor information Bennett prepared while working for Skycam, LLC.

65. Skycam has at all times used proper and reasonable efforts to insure that its innovative technology, designs, customer information and vendor information remained confidential trade secrets.

66. Defendants' conduct constitutes misappropriation and misuse of Skycam, LLC's confidential proprietary information and trade secrets under applicable state and common law, including the Oklahoma Trade Secrets Act 78 Okla. Stat. § 85 *et seq*.

67. As a result of Defendants' acts, Skycam, Inc. has been and continues to suffer damage in an amount to be proven at trial.

68. Skycam, Inc. is entitled to recover the amount that Defendants have been unjustly enriched as a result of their unlawful actions.

69. Skycam, Inc. will suffer irreparable harm should Defendants' unlawful conduct be allowed to continue to the detriment of Skycam, Inc.

70. Skycam, Inc.'s remedy at law is not by itself adequate and Skycam, Inc. has suffered and continues to suffer irreparable harm such that Skycam, Inc. is entitled to injunctive relief.

71. Defendants' actions were willful, malicious and deliberate entitling Skycam, Inc. to punitive damages and the recovery of its attorneys' fees.

### THIRD CLAIM FOR RELIEF

### BREACH OF WRITTEN CONTRACT

72. Skycam, Inc. re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

73. Pursuant to the NDA, Bennett was required to not disclose or use any trade secrets or proprietary information of Skycam, LLC.

74. On or about January 5, 2006, Skycam, LLC and Bennett entered into the aforementioned Agreement relating to Skycam, LLC's trade secrets and/or other confidential and proprietary information of Skycam, LLC.

75. Skycam, LLC and Skycam, Inc. have performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the aforementioned Agreement.

76. In doing the acts alleged herein, Bennett has breached the contracts by disclosing and using Skycam's confidential and proprietary information in violation of the express terms and conditions of the aforementioned NDA and Agreement.

77. As a result of Bennett's acts, Skycam, Inc. has been and continues to suffer damage in an amount to be proven at trial.

78. Skycam, Inc. will suffer irreparable harm should Bennett's unlawful conduct be allowed to continue to the detriment of Skycam, Inc.

79. Skycam, Inc.'s remedy at law is not by itself adequate and Skycam, Inc. has suffered and continues to suffer irreparable harm such that Skycam, Inc. is entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF

## UNFAIR COMPETITION

80. Skycam, Inc. re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

81. Defendants knowingly and willfully misappropriated Skycam's trade secrets, including the developments to the Skycam® System, in order to gain a competitive advantage.

82. Defendants have falsely misrepresented the Actioncam system, which incorporates the Skycam® System, as being a product of Actioncam. Contrary to these representations, the Skycam® System is a highly valuable trade secret and proprietary information belonging to Skycam, Inc.

83. Defendants have made false statements about Skycam's Skycam® System to Skycam's customers about the quality and scope of services provided by Skycam.

84. Defendants' false statements and representations constitute commercial speech, advertising and/or promotion and were published with the intent of increasing Actioncam's market share and/or decreasing Skycam's market share.

85. Defendants deliberately, willfully, and in bad faith committed the aforementioned actions in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), the Oklahoma Deceptive Trade Practices Act, 85 Okla. Stat. §§51-55, and common law entitling Skycam, Inc. to an award of actual, consequential and punitive damages as against Defendants.

## FIFTH CLAIM FOR RELIEF

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

86. Skycam, Inc. re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

87. Skycam has customers throughout the United States that it provides its Skycam® System.

88. Defendants know or should know about Skycam's business relationships.

89. Defendants have made false statements about Skycam's Skycam® System to Skycam's customers about the quality and scope of services provided by Skycam and the origin of the Actioncam system.

90. Defendants intentionally made these false statements.

91. Defendants' false statements have caused damaged to Skycam, Inc. including, loss of customers.

92. The actions of Defendants directed at Skycam's customers constitute an intentional interference with the Skycam's business relations.

93. Upon information and belief, the Defendants' interference was malicious, wrongful, and was neither justified, privileged nor excusable.

94. As a result of Defendants' acts, Skycam, Inc. has been and continues to suffer damage in an amount to be proven at trial.

95. Skycam, Inc. will suffer irreparable harm should Defendants' unlawful conduct be allowed to continue to the detriment of Skycam, Inc.

96. Skycam, Inc.'s remedy at law is not by itself adequate and Skycam, Inc. has suffered and continues to suffer irreparable harm such that Skycam, Inc. is entitled to injunctive relief.

97. Defendants' actions were willful, malicious and deliberate entitling Skycam, Inc. to punitive damages and the recovery of its attorneys' fees.

## SIXTH CLAIM FOR RELIEF

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

98. Skycam, Inc. re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

99. Skycam markets the Skycam® System to potential customers throughout the United States.

100. Defendants know or should know about Skycam's potential customers.

101. Defendants have made false statements about Skycam's Skycam® System to Skycam's potential customers about the quality and scope of services provided by Skycam and the origin of the Actioncam system.

102. Defendants intentionally made these false representations.

103. The actions of Defendants directed at prospective customers of Skycam constitute an intentional interference with Skycam, Inc.'s prospective business relations.

104. Upon information and belief, Defendants' interference was malicious, wrongful, and was neither justified, privileged nor excusable.

105. The false statements were made in bad faith with knowledge of Skycam's customers and/or prospective customers and in order to induce those customers or potential customers not to conduct business with Skycam.

106. The false statements made by Defendants influenced and continue to influence the purchasing decisions of actual and potential customers of the Skycam.

107. As a result of Defendants' acts, Skycam, Inc. has been and continues to suffer damage in an amount to be proven at trial.

108. Skycam, Inc. will suffer irreparable harm should Defendants' unlawful conduct be allowed to continue to the detriment of Skycam, Inc.

109. Skycam, Inc.'s remedy at law is not by itself adequate and Skycam, Inc. has suffered and continues to suffer irreparable harm such that Skycam, Inc. is entitled to injunctive relief.

110. Defendants' actions were willful, malicious and deliberate entitling Skycam, Inc. to punitive damages and the recovery of its attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

### CONVERSION

111. Skycam, Inc. re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

112. This is an action under the applicable state and common law for conversion of Skycam, Inc.'s property including its engineering documents and designs for the Skycam® System and its customer and vendor information.

113. These items are owned by Skycam, Inc. and have independent economic value to Skycam, Inc.

114. Defendants have intentionally converted such property to their own use in violation of Skycam's ownership and interests in the rights and without Skycam's consent.

115. As a result of Defendants' unlawful conduct, Skycam, Inc. has been and will continue to be damaged.

116. Skycam, Inc. will suffer irreparable harm should Defendants' unlawful conduct be allowed to continue to the detriment to Skycam. Inc.

117. Skycam, Inc.'s remedy at law is not by itself adequate and Skycam, Inc. has suffered and continues to suffer irreparable harm such that Skycam, Inc. is entitled to injunctive relief.

118. Defendants' actions were willful, malicious and deliberate entitling Skycam, Inc. to punitive damages and the recovery of its attorneys' fees.

## EIGHTH CLAIM FOR RELIEF

### CONSPIRACY

119. Skycam, Inc. re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

120. Bennett and Actioncam have combined and had a meeting of minds to commit unlawful actions against Skycam including but not limited to misappropriation and conversion of Skycam's trade secrets and proprietary information, and Bennett's breach of his Agreement with Skycam, LLC.

121. Bennett and Actioncam acted in conspiracy to commit the unlawful actions against Skycam, Inc. and Skycam, LLC.

122. As a result of Defendants' actions, Skycam, Inc. has been and continues to be damaged in an amount to be proven at trial.

123. Skycam, Inc. will suffer irreparable harm should Defendants' unlawful conduct be allowed to continue to the detriment to Skycam, Inc.

124. Skycam, Inc.'s remedy at law is not by itself adequate and Skycam, Inc. has suffered and continues to suffer irreparable harm such that Skycam, Inc. is entitled to injunctive relief.

## DEMAND FOR TRIAL BY JURY

125. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Skycam, Inc. hereby demands a jury trial on all issues and causes of action triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Skycam, Inc. requests entry of judgment in its favor and against Defendants as follows:

1. A preliminary injunction, and permanent injunction, requiring Defendants and their agents, servants, and employees, and all persons with whom they are acting in concert to refrain from using Skycam, Inc.'s confidential proprietary information and trade secrets and otherwise infringing upon Skycam, Inc.'s rights;

2. Compensatory damages, consequential damages, lost profits and reasonable royalties in an amount to be shown at trial;

3. Treble damages, including interest;

4. Punitive damages;

5. Reasonable attorneys' fees and costs; and

6. For other relief that is just and proper.

Respectfully submitted,

*s/ John A. Kenney*
John A. Kenney, OBA #4976
Charles L. McLawhorn, III, OBA #19523
Rachel Blue, OBA #16789
McAFEE & TAFT A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson Ave.
Oklahoma City, Oklahoma  73102
Telephone:  405-235-9621
Facsimile:  405-235-0439
Email:chad.mclawhorn@mcafeetaft.com
john.kenney@mcafeetaft.com
rachel.blue@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July 2009, I served the same document via electronic transmission and U.S. Postal Service, first class mail, postage prepaid, on the following who are not registered participants of the ECF system:

William R. Grimm
Barrow & Grimm
Suite 900, 110 W. 7th Street
Tulsa, Oklahoma  74119-1044

John Tehranian
Turner Green LLP
535 Anton Blvd., Suite 850
Costa Mesa, California  92626

*s/ John A. Kenney*
John A. Kenney