## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SKYCAM, INC., a Delaware corporation, | ) | |
| and SKYCAM, LLC, an Oklahoma limited | ) | |
| liability company, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 09-CV-294-GKF-FHM |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK J. BENNETT, an individual, | ) | |
| and ACTIONCAM, LLC, an Oklahoma | ) | |
| limited liability company | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the court on Defendants' Motion for Leave to File Counterclaim and Third-Party Complaint [Doc. No. 91].  For the reasons set forth below, defendants' motion is granted in part and denied in part.

### I.  Background/Procedural Status

This is a dispute over the technology used in the Skycam® System ("System"), an aerial camera system used to broadcast football and basketball games. On July 15, 2004, Skycam, LLC purchased the System from CFInflight.  Patrick J. Bennett worked as Chief Engineer for Skycam from shortly after the acquisition date until January 5, 2006. On January 24, 2007, Bennett formed Actioncam and developed the Actioncam System, another aerial camera system.

On April 7, 2009, Skycam, LLC and Skycam, Inc., sued Actioncam, LLC and Bennett in the U.S. District Court for the Central District of California.  Based on a stipulation filed by the parties, the case was transferred to the Northern District of Oklahoma on May 18, 2009.  On July 28, 2009, an Amended Complaint was filed in which Skycam, LLC was dropped as a plaintiff, and claims were asserted for copyright infringement; misappropriation of trade secrets; breach of

written contract; unfair competition; tortious interference with business relations; tortious interference with prospective economic advantage; conversion; and conspiracy. Plaintiff sought preliminary and permanent injunctive relief and actual, treble and punitive damages.

On October 1, 2010, plaintiffs filed their Third Amended Complaint, rejoining SkyCam LLC as a plaintiff and asserting claims seeking to be made a co-owner of two inventions (the gimbal design and the 5th line for safety and communication) for which Bennett has filed patent applications and a common law "shop right license" to all or part of Bennett's patented subject matter.

On October 11, 2010–more than five months after the May 7, 2010, deadline for amendment of pleadings–defendants filed their Motion for Leave to File Counterclaim and Third-Party Complaint [#91]  In that motion, defendants seek leave under Rule 15(a)(2) to file a counterclaim against the existing plaintiffs and a third party complaint against Outdoor Channel Holdings, Inc. ("OCH") and Winnercomm, Inc. ("Winnercomm").[1]

## II.  Proposed Counterclaim and Third Party Complaint

The 26-page proposed counterclaim alleges plaintiffs' lawsuit is a bad faith, illegal attempt to eliminate competition in the aerial camera market in the continental United States. Defendants assert nine causes of action against plaintiffs: (1) violation of the Sherman and Clayton Acts, 15 U.S.C. §2 and 15; (2) violation of the Oklahoma Antitrust Reform Act, 79 O.S. §203; (3) attempted monopolization in violation of the Sherman and Clayton Acts, §§2 and 15;

---

[1]OCH owns Outdoor Channel and Winnercomm.  Winnercomm, in turn, owns Skycam, Inc.

(4) attempted monopolization in violation of the Oklahoma Antitrust Reform Act, 79 O.S. §§203 and 205; (5) restraint of trade in violation of the Sherman and Clayton Act, 15 U.S.C. §§1 and 15;( 6) restraint of trade in violation of the Oklahoma Antitrust Reform Act, 72 O.S. §203 and 205; (7) abuse of process; (8) tortious interference with prospective economic advantage; and (9) injurious falsehood/disparagement (slander) of title (for the filing of the patent ownership/license claims).

The 23-page proposed third party complaint asserts identical antitrust causes of action against OCH and Winnercomm.

Plaintiffs contend that defendants have known the factual basis for their claims since the lawsuit was filed and have therefore delayed unreasonably in attempting to assert them, that delay would prejudice them, that the defendants have acted in bad faith and with dilatory motive and that a number of the proposed claims are futile.  Additionally, they argue that Rule 14 only permits assertion of third party claims against nonparties who are or may be liable to defendants for all or part of the claims against them; therefore, defendants should not be permitted to file the proposed third party complaint.

## II.  Analysis

### A.  Motion for Leave to Amend

Under Fed.R.Civ.P. 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires."  "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  The grant or denial of an opportunity to amend is within the discretion of the district court.  *Id.*  However, in exercising its discretion, the

court must be mindful of the spirit of the Federal Rules of Civil Procedure to encourage decisions on the merits rather than on mere technicalities. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). Refusal of a request to amend is appropriate only "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005).

Plaintiffs contend defendants have delayed unreasonably in amending their pleadings, the addition of new claims will cause prejudicial delays, the proposed claims are being made in bad faith and several of the new claims are futile.

### 1. Undue Delay

In considering whether a party delayed unreasonably in amending its pleadings, the court must focus primarily on the reasons for the delay. *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). Denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay. *Id.* "[C]ourts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Id.*

Plaintiffs argue defendants have known of the basis for the newly-asserted claims since the inception of the lawsuit and have delayed unreasonably in asserting them. Defendants admit they have at all times maintained plaintiffs' claims are objectively baseless,[2] but contend they have only recently discovered evidence–in the form of documents produced from July 6, 2010 to

---

[2]Defendants, in their Motion for Summary Judgment filed February 4, 2010, described the initiation of the lawsuit as a "thinly guised attempt on the part of Plaintiff to drive competition away in the aerial camera system market." [Doc. No.38 at 6].

August 24, 2010 together with depositions of Skycam, Inc., and Winnercomm personnel–to support the antitrust, tortious interference and abuse of process claims.  They assert the disparagement of title claim arose only when plaintiffs filed their Third Amended Complaint and added claims for ownership and shop license of patents applied for by Bennett.

Defendants have long taken the position that plaintiffs' suit is a sham.  However, the production of e-mails and depositions in July and August of 2010 armed them with *facts* they allege supported filing of the claims.[3]  Courts have recognized that "[t]here is no undue delay in seeking leave to amend if [parties] acquire knowledge of he facts behind the new claim only through recent discovery and afer conducting a reasonable investigation of that information." *Koch v. Koch Industries,* 127 F.R.D. 206 (D. Kans. 1989).

The court finds defendants have not delayed unreasonably in bringing the new claims.

### 2.  Prejudice to Plaintiffs

The Tenth Circuit views potential prejudice to the nonmoving party as the "most important factor in deciding a motion to amend pleadings."  *Minter,* 451 F.3d at 1207.  "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."  *Id.* at 1208 (quotation and citation omitted).  "Most often, this occurs when amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Id.*

Defendants argue the merits of plaintiffs' claims against them "are the precise issue to be resolved by Actioncam's antitrust claims, thus Skycam...would not be prejudiced by defending a

---

[3]Plaintiffs argue the evidence relied upon does *not* support the new antitrust and tortious interference claims.  However, at this juncture, it is inappropriate for the court to weigh the evidence or rule on the merits of the proposed claims.

claim for affirmative relief on that issue." [Doc. No. 91 at 7].  This is a gross oversimplification.

While both plaintiffs' claims and defendants' counterclaims and third party claims arise from the

same general subject matter–defendants' development and marketing of a competing aerial

camera system–the elements required to prove plaintiffs' claims are not identical to the elements

required to prove defendants' proposed antitrust claims.  It does not necessarily follow that if

plaintiffs do not prevail on their claims, defendants will prevail on their antitrust and tortious

interference claims.  Thus, addition of the new claims will require considerable discovery and

motion practice.

      Discovery cutoff in this case is currently January 31, 2011, and trial is set for March 20,

2011.  Clearly, plaintiffs would be prejudiced by the addition of the new claims if they were

required to prepare a defense to them by the current trial date.  However, the potential prejudice

to plaintiffs could be abated by either an extension of the current schedule or bifurcation of the

antitrust claims.  Without at this time determining which of these two approaches is more

appropriate, the court nevertheless finds that undue prejudice is avoidable.

### 3.  Bad Faith/Dilatory Motive

      Defendants contend that their motion to amend is filed in good faith and without dilatory

intent, that it was filed shortly after the evidence they assert supports their claims was discovered,

and that it had to be filed since the claims are arguably compulsory counterclaims under Rule 19.

Plaintiffs assert the "newly discovered evidence" argument is a red herring and defendants have at

all times claimed the lawsuit was baseless, but chose to hold the counterclaims in their back

pocket.  The court reiterates that a general belief that a lawsuit is "baseless" is not the same as

evidence (allegedly) supporting antitrust and tortious interference claims.  The court concludes

defendants have *not* acted in bad faith or with dilatory intent.

### 4. Futility of Proposed Claims

Under Rule 15(a), a district court may deny leave to amend pleadings due to "futility of the amendment." *United States v. Pinson,* 584 F.3d 972, 977 (10th Cir. 2009).  A proposed amendment is futile of the complaint, as amended would be subject to dismissal. *Jefferson County Sch. Dist. v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999); *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004)**.**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the  elements of a cause of action will not do."  *Id.* at 555 (internal quotations omitted).   On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Under the *Twombly* standard*,* "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma,*  519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she

is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Applying the *Twombly* standard, plaintiffs assert that certain of defendants' proposed counterclaims/third party claims are subject to dismissal and thus futile.

### a.  Restraint of Trade

The Fifth Cause of Action in both the proposed Counterclaim and the proposed Third Party Complaint asserts restraint of trade violations under the Sherman and Clayton Acts (15 U.S.C. §§1 and 5).[4]  Both pleadings allege Skycam LLC, Skycam Inc.'s predecessor in interest, "conspired with Skycam INC, Winnercomm and OCH to restrain trade by agreeing to assert baseless claims against ActionCam that Skycam INC, Winnercomm or OCH did not have legal standing to pursue, to block ActionCam from the Aerial Camera Market." [Doc. No. 91 at 36, Proposed Counterclaim, ¶64 and at 62, Proposed Third Party Complaint, ¶66].  Both pleadings also allege that Skycam Inc. owns, operates and markets the Skycam System,  Skycam LLC is the predecessor-in-interest of the SkyCam System, OCH owns and operates the Outdoor Channel and owns Winnercomm, and Winnercomm owns Skycam Inc. [Doc. No. 91 at 17, Proposed Counterclaim, ¶¶3-5 and 43, Proposed Third Party Complaint, ¶¶2-4].

The Supreme Court has held that wholly-owned subsidiaries cannot conspire with one another or with their parent companies.  *Copperweld Corp. v. Independence Tube Corp,* 467 U.S. 752, 771-72 (1984).  *See also American Needle, Inc. v. National Football League,* 130 S.Ct.

_____

[4]Plaintiffs have not argued  that the parent/subsidiary relationship between OCH, Winnercomm and Skycam Inc. renders futile the other antitrust claims defendants seek to assert.

2201, 2211 (2010).  Because the proposed claim for federal restraint of trade alleges a conspiracy by and among a parent corporation and its wholly owned subsidiaries, the claim is not plausible on its fact.  Therefore, it would be futile  to grant defendants' motion to amend with respect to the claim.

### 2.  Abuse of Process

The proposed Seventh Cause of Action in defendants' counterclaim is for alleged "abuse of process."  It asserts plaintiffs "did not initiate this lawsuit in a good faith effort to obtain redress for actual injuries; rather they initiated this lawsuit for the ulterior purpose of blocking Actioncam from the Aerial Camera Market in the Continental US by depleting Actioncam's resources and making Actioncam unattractive to potential investors and clients." [Doc. No. 91 at 37, Proposed Counterclaim, ¶71].

Although defendants label this claim as "abuse of process," it is more properly characterized as one for malicious prosecution.  The primary distinction between an abuse of process claim and a malicious prosecution claim is that malicious prosecution assumes, in the context of the filing of a lawsuit, that the proceedings were initiated without probable cause,[5] while an abuse of process claim is "the malicious perversion of a regularly issued civil or criminal process, for a purpose and to obtain a result not lawfully warranted or properly attainable thereby." *Gore v. Taylor,* 792 P.2d 432, 434 (Okla.Civ. App. 1990).

An essential element of a claim for malicious prosecution is the successful termination of the proceeding that is alleged to have constituted malicious prosecution.  *Meyers v. Ideal Basic*

---

[5]"Probable cause" is a reasonable belief in the existence of the facts upon which the claim is based and a reasonable belief that under such facts the claim may be valid either at common law or under an existing statute. *Greenberg v. Wolfberg,* 890 P.2d 895, 903, n. 29 (Okla. 1995).

*Industries, Inc.,* 940 F.2d 1379, 1383 (10th Cir. 1991).  Defendants have not alleged and *cannot* allege that element.

The elements of an action for abuse of process are: (1) issuance of process, (2) an ulterior purpose and (3) a wilful act in the use of process not proper in the regular conduct of the proceeding.  *Gore,* 792 P.2d at 435 (quoting Prosser, *Handbook of the Law of Torts,* §121 (4th Ed. 1971).   The third element is described as:

> [s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, ...; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.  The improper purpose usually takes the form of coersion [*sic*] to obtain a collateral advantage, not properly involved in the proceeding itself...

*Gore* at 435 (quoting Prosser, *supra*).  Here, the only act alleged by defendants is the filing of the lawsuit.  Therefore, the proposed counterclaim also fails to state a claim for abuse of process.

The proposed claim–whether characterized as one for malicious prosecution or abuse of process–would be futile, and will not be permitted.

### 3. Tortious Interference With Prospective Economic Advantage

The Eighth Cause of Action of the proposed Counterclaim asserts a claim for tortious interference with prospective economic advantage. [Doc. No. 91 at  37, Proposed Counterclaim, ¶¶73-76].  Specifically, defendants allege, *inter alia*: "Actioncam had a valid expectancy of a business relationship with Fox-SW, who declined to use Actioncam for any sporting events due to the pendency of the instant litigation." [*Id.*, ¶73].

Plaintiffs argue that correspondence between defendants and Fox-SW (cited by defendants in their brief in support of their motion to amend as recently acquired evidence supporting their tortious interference claim) does not actually prove defendants had a "valid expectancy of a

business relationship."  However, accepting as true for the purposes of this motion  the allegations of the proposed counterclaim, the allegations appear to state a claim that is at least plausible on its face.  Therefore, the court finds it would not be futile to permit defendants to assert the tortious interference claim.

### 4.  Injurious Falsehood/Disparagement (Slander) of Title

The Ninth Cause of Action in the proposed counterclaim alleges plaintiffs' assertion in the Third Amended Complaint of their ownership of and/or shop rights to the claimed invention(s) of the Actioncam patent applications constituted disparagement (slander) of title. [Doc. No. 91 at 38-39, ¶¶77-78].  The elements of slander of title include: (1) publication; (2) a false statement in the publication; (3) malice in the publication; (4) special damage resulting from the publication; and (5) ownership or possession of the property that is the subject of the publication.  *Borison v. Bank Leumi Trust Company of New York,* 972 P.2d 1188, 1189-90 (Okla. Civ. App. 1998)

Under Oklahoma law, a communication made [i]n any legislative or judicial proceeding or any other proceeding authorized by law" is a privileged publication and not subject to punishment as libel.  12 O.S. §1443.1.  The judicial proceeding privilege extends to statements made in pleadings.  *See Pryor v. Findley,* 949 P.2d 1218, 1219 (Okla. Civ. App 1997); *Bennett v. McKibben,* 915 P.2d 400, 404 (Okla. Civ. App. 1996).  Since the statements complained of were made in the Third Amended Complaint, they are privileged.  Thus, defendants have not alleged an essential element of the claim–publication–and their proposed slander of title claim is futile.

### B. Third Party Complaint

Defendants' proposed third party complaint asserts federal and state antitrust claims against OCH and Winnercomm identical to those asserted against plaintiffs in their proposed

counterclaim.[6]  Rule 14, Third-Party Practice, provides:

(a) When a Defending Party May Bring in a Third Party.

(1) *Timing of the Summons and Complaint*.  A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

\*     \*     \*

(3) *Plaintiff's Claims Against a Third-Party Defendant*.  The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. ...

Fed.R.Civ.P. 14(a).  Defendants acknowledge their claims against OCH and Winnercomm are not derivative in nature and therefore, Rule 14 does not permit filing of  the proposed third party complaint.  Instead, they rely on Rule 13.  Rule 13 governs the filing of permissive and compulsory counterclaims and further provides for the joinder of additional parties needed to fully adjudicate a counterclaim against plaintiffs, subject to the provisions of Rules 19 and 20. Fed.R.Civ.P. 13(h).  Courts typically construe Rule 13(h) liberally "in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy."  6 Charles Alan Wright, Arthur R. Miller& Mary Kay Kane Federal Practice and Procedure §1434 (2010).  Rules 19 and 20 address required and permissive joinder of parties respectively.

---

[6]Plaintiffs, in the first sentence of their response brief, made a blanket objection to the entirety of defendants' Motion for Leave to File Counterclaim and Third Party Complaint. [Doc. No. 100 at 1].  In the section of their argument addressing the proposed Third Party Complaint, though, they erroneously referred to the third party defendants as Cablecom, Inc. and Winnercomm instead of OCH and Winnercomm. [*Id.* at 5].  Defendants assert this resulted in a waiver of plaintiffs' objection to the Motion for Leave to Amend with respect to OCH. However, the error was corrected in plaintiffs' surreply. [Doc. No. 111 at 1].

Here, defendants seek to assert against OCH and Winnercomm–two entities related to Skycam, Inc.–antitrust claims identical to those asserted against plaintiffs in their proposed counterclaim.  Pursuant to Rule 13(h), the court finds joinder of OCH and Winnercomm to be appropriate to the extent the court permits the assertion of identical counterclaims against plaintiffs.

### III.  Conclusion

Defendants' Motion for Leave to File Counterclaim and Third-Party Complaint [Doc. No. 91] is granted in part and denied in part.

Defendants are granted leave to file, by December 29, 2010, a counterclaim that includes the claims for monopolization in violation of federal and state antitrust law (First and Second Causes of Action);  attempted monopolization in violation of federal and state antitrust law (Third and Fourth Causes of Action);  restraint of trade in violation of  Oklahoma law (Sixth Cause of Action); and tortious interference with prospective economic advantage (Eighth Cause of Action). Defendants' motion is denied with respect to proposed claims for restraint of trade in violation of federal law (Fifth Cause of Action);  abuse of process (Seventh Cause of Action); and  injurious falsehood/disparagement (slander) of title (Ninth Cause of Action).

Defendants are granted leave to file, by December 29, 2010, a third party complaint that includes the claims for monopolization in violation of federal and state antitrust law (First and Second Causes of Action);  attempted monopolization in violation of federal and state antitrust law (Third and Fourth Causes of Action); and restraint of trade in violation of  Oklahoma law (Sixth Cause of Action).  Defendants' motion is denied with respect to the proposed claim for restraint of trade in violation of federal law (Fifth Cause of Action).

13

The court finds no need for a hearing on this motion, and therefore, defendants' Motion for Hearing [Doc. No. 92] is denied.

This matter is set for hearing on the 12th day of January, 2011, at 3 p.m. to address the issue of bifurcation of the antitrust claims versus extending the current scheduling order.

ENTERED this 22nd day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma