IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SKYCAM, LLC, a Delaware limited liability company, and SKYCAM, LLC, an Oklahoma limited liability company,<br><br>        Plaintiffs,<br><br>v.<br><br>PATRICK J. BENNETT, an individual, and ACTIONCAM, LLC, an Oklahoma limited liability company,<br><br>        Defendants. | Case No. 09-CV-294-GKF-FHM |

## **O R D E R**

Before the Court is Defendants' Motion to Assess Attorney Fees Pursuant to 17 U.S.C. § 505 [Dkt. # 357]. Defendants Patrick J. Bennett and Actioncam, LLC seek an award of attorney fees and costs against plaintiffs Skycam, LLC, a Delaware limited liability company and Skycam, LLC, an Oklahoma limited liability company, as the prevailing party on the plaintiffs' Copyright Infringement claim.[1]

Attorney's fees are to be awarded pursuant to § 505 to prevailing parties "only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). There is no precise rule or formula for making those determinations, but instead equitable discretion should be exercised in light of several nonexclusive factors, including frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.*

---

[1] The plaintiffs in the Third Amended Complaint are Skycam, Inc., a Delaware corporation, and Skycam, LLC, an Oklahoma limited liability company. [Dkt. #149]. The Court subsequently determined that Skycam, Inc., a Delaware corporation, was the proper party plaintiff. See Dkt. #257. The Final Pretrial Order reflects that Skycam, Inc., a Delaware corporation, became Skycam, LLC, a Delaware limited liability company. [Dkt. #267, p. 2].

at n.19.

A copyright infringement claim requires (1) ownership of a valid copyright; and (2) copying of the constituent elements of the work that are original.  17 U.S.C. §411(a); *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009).  Defendants prevailed on the claim for copyright infringement when the Court held plaintiffs had failed to meet their burden of proving the first element – ownership of a valid copyright.  The Court concluded that (1) Skycam had not copyrighted certain technical drawings it provided to an independent contractor, Athens, thus it was not entitled to claim ownership and seek copyright protection of the alleged "derivative work" Athens produced  [Dkt. #231 at 15]; and (2) the Athens drawing did not possess the requisite "minimal degree of creativity" for a valid copyright.  [Dkt. #231 at 16].

Defendants contend they are entitled to attorney fees because plaintiffs' copyright claim was frivolous and motivated by an improper purpose, the factual basis for copyright infringement was objectively unreasonable, and an award of fees and costs would deter future litigants from asserting invalid copyright claims.

Though Skycam did not prevail on its copyright infringement claim, the claim was not frivolous or objectively unreasonable.  Skycam engaged Loren Athens to perform the Finite Element Analysis ("FEA") of a new reel, and provided him with a computerized model of the reel assembly.  [Dkt. #132-4, pg. 69 of 86:24 – 70 of 86:25].  Athens de-featured the features that didn't matter to his FEA analysis.  [*Id.* at 70:7-8].  He then changed the shaft design so Skycam wouldn't have the stress concentrations and failures they were having previously, but he did not change the drum design.  [*Id.* at 71:14-20].  Skycam reasonably, but unsuccessfully, asserted that the FEA was a derivative work based on the model Skycam gave Athens.  Moreover, Skycam

2

took a reasonable position when it asserted that the FEA image of the reel assembly was sufficiently and substantially similar to the drawing displayed on defendant Bennett's website to support a conclusion that the drawing on Bennetts' website was copied from the other.

In their reply [Dkt. #378], defendants raise a new argument they did not raise in either their motion for fees [Dkt. #357] or in their Motion for Summary Judgment [Dkt. #212, pp. 16 – 21] with respect to the alleged objective unreasonableness of plaintiffs' copyright claim. Defendants argue that Bennett's display of the reel assembly image on his website in February, 2007 could not form the basis of a copyright claim when the FEA was registered on April 7, 2009. Insofar as defendants raise the argument for the first time in their reply, the court declines to address it.

Defendants argue that Skycam's copyright infringement claim was motivated by an improper purpose – to increase the leverage of a five count Complaint seeking federal jurisdiction in the hopes of crushing Actioncam before the company could get off the ground. However, Skycam's overarching motivation in this lawsuit – to protect its rights in proprietary intellectual property – was a proper purpose, and is one that has been substantiated by a jury's verdict. Moreover, to the extent defendants may be implying that the copyright claim was merely inserted to gain entrance to the federal courts, the Court would note that Skycam raised another federal claim arising under the Lanham Act, and that claim went to the jury.

Finally, an award of attorney's fees is unnecessary in this case to deter future litigants from asserting invalid copyright claims. Insofar as Skycam's copyright infringement claim was neither frivolous nor objectively unreasonable, no such purpose would be served by an award here. Furthermore, the jury in this case found by clear and convincing evidence that defendants willfully and maliciously misappropriated Skycam's trade secrets. Although misappropriation of

trade secrets was a separate claim, the verdict validates the reasonableness of Skycam's overall concern that defendants were misappropriating Skycam's intellectual property.

For the foregoing reasons, the Defendants' Motion to Assess Attorney Fees Pursuant to 17 U.S.C. § 505 [Dkt. # 357] is denied.

IT IS SO ORDERED this 18th day of September, 2013.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT