IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SKYCAM, LLC, a Delaware limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 09-cv-294-GKF-FHM |
| PATRICK J. BENNETT, an individual, and ACTIONCAM, LLC, an Oklahoma Limited Liability Company, | ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the undersigned for a report and recommendation is Defendant Bennett's Motion to Recall and to Quash Plaintiff Skycam's Writ of Execution. (Dkt. 442). Bennett's motion asks the Court to set aside and quash a Writ of Execution requested by plaintiff and issued by the Court Clerk. (Dkts. 440, 441). In its Application for Writ, plaintiff requested a writ of execution against any intellectual property owned by Bennett. (Dkt. 440). The writ issued by the Court Clerk (the "Writ") directs the United States Marshal to execute on "the goods and chattels, lands and tenements in [the United States District Court for the Northern District of Oklahoma] belonging to: Patrick J. Bennett." (Dkt. 441).

The question presented by Bennett's motion is whether the Writ may be used against his intellectual property. (Dkt. 442 ¶ 6). Bennett argues that it cannot and relies on the general Oklahoma levy and execution statute, which does not specifically refer to intellectual property. OKLA. STAT. tit. 12, § 733 (referring to "lands, tenements, goods and chattels"). Bennett also cites three U.S. Supreme Court cases, one Massachusetts case from the 1800s, and one Virginia case from 1949 for the proposition that intellectual property cannot be taken via a levy or writ.

Stephens v. Cady, 55 U.S. 528, 531 (1852) (addressing copyrights); Stevens v. Gladding, 58 U.S. 447, 451 (1854) (addressing federally conferred rights); Ager v. Murray, 105 U.S. 126, 130 (1881) (addressing patent rights); Carver v. Peck, 131 Mass. 291, 292 (1881) (addressing copyrights and patents); Stutzman v. C.A. Nash & Son, Inc., 189 Va. 438, 446, 53 S.E.2d 45, 49 (1949). Skycam counters that Oklahoma law contains many instances in which it allows property that is not specifically identified in Section 733 to be the subject of execution, including equitable rights. (Dkt. 449 ¶ 9). Skycam also cites Oklahoma's "Definitions and General Provisions" statute, which defines "personal property" broadly to include "money, goods, chattels, things in action and evidence in debt." OKLA. STAT. tit. 25, § 26.

Federal Rule of Civil Procedure 69 provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." The parties have cited no federal statute which governs the Writ, and the undersigned has not located one. Thus, Oklahoma law determines whether or not Skycam can execute on Bennett's intellectual property.

Chapter 13 of Title 12 of the Oklahoma Statutes (Sections 731-909) addresses writs of execution. In Oklahoma, there are three kinds of executions: (1) against the property of the judgment debtor; (2) for the delivery of possession of real or personal property; and (3) executions in special cases. Okla. Stat. tit. 12, § 732. Skycam seeks to execute against the intellectual property of Bennett, which, if otherwise allowable, falls squarely within number (1). Section 733, cited by Bennett, provides that "[l]ands, tenements, goods and chattels, not exempt by law shall be subject to the payment of debts, and shall be liable to be taken on execution and sold, as hereinafter provided." Section 841, titled "Property, equitable interests subject to

2

execution," further provides, "At any time after judgment, any property of the judgment debtor, including any equitable interest he may have, unless by law expressly excluded from being reached by creditors shall be subject to the payment of such judgment, by action, or as hereinafter provided." OKLA. STAT. tit. 12, § 841. These sections give judgment creditors broad rights, allowing execution both on the goods and chattels of a judgment debtor and on "any property of the judgment debtor, including any equitable interest."[1] Id. (emphasis added).

Oklahoma's statutory definitions, and its case law, confirm these broad rights. Specifically, the Oklahoma statutes provide that "[e]very kind of property that is not real is personal." OKLA. STAT. tit. 60, § 9. And, "personal property" includes "money, goods, chattels, things in action and evidences of debt." OKLA. STAT. tit. 25, § 26. Further, the Oklahoma courts have made clear that Section 733's use of "goods and chattels" is not meant to limit the type of personal property subject to execution; rather, a judgment creditor has rights against "any personal property" of a judgment debtor, including any ". . . goods, chattels, money, notes, bonds, stocks and choses in action generally," along with any equitable interest. First Pryority Bank v. Moon, 326 P.3d 528, 539-41 (Okla. Ct. Civ. App. 2013) (quoting Southwestern Bell Telephone Co. v. Oklahoma State Bd. of Equalization, 231 P.3d 638, 643 (Okla. 2009)); Indian Land & Trust Co. v. Owen, 162 P. 818, 822 (Okla. 1916) ("after an execution is returned *nulla bona*, the judgment creditor may institute an action for the discovery of any money, choses in action, equitable or legal interest, and all other property to which the defendant is entitled and for subjecting the same to the satisfaction of the judgment."). Although there does not appear to be any Oklahoma authority which specifically addresses the applicability Sections 733 and 841 to

---

[1] Bennett does not argue that his intellectual property is "exempt by law" or is "by law expressly excluded from being reached by creditors," and there is no legal authority for such a proposition.

3

intellectual property, these cases seem to make clear that <u>all</u> personal property, including intellectual property, is subject to execution under Oklahoma law.

A further examination of the definition of "intellectual property" confirms this conclusion.

Intellectual property is a form of intangible property. Black's Law Dictionary, 10th ed. 2014 (intellectual property is "[a] category of intangible rights protecting commercially valuable products of the human intellect. The category comprises primarily trademark, copyright, and patent rights . . ."). Intangible property generally lacks a physical presence, although it may be represented by some form of documentation, such as a stock certificate. <u>See id.</u> Property such as bonds, stocks, notes, and choses in action are all intangible personal property which Oklahoma courts have expressly found is subject to a writ of execution. <u>See</u> <u>supra</u> at 3. Bennett cites no authority for the proposition that intellectual property should be treated differently than these other forms of intangible personal property, and the undersigned is aware of none. To the contrary, the structure of the Oklahoma levy and execution statutes and the reasoning of its case law indicate that a judgment creditor's rights against a judgment debtor are broad and extensive and are to be broadly construed. <u>See</u> <u>supra</u> at 3-4. Accordingly, the undersigned finds that a judgment creditor in Oklahoma has the right to execute on a judgment debtor's intellectual property in an effort to satisfy a judgment.

As to the cases cited by defendant, they were all decided before the existence of Fed. R. Civ. P. 69 and are, therefore, of questionable relevance. Setting that aside, none of the cases apply Oklahoma law, and the cases, to the extent they indicate an inability to execute on intellectual property, are no longer in accord with the weight of authority and have not been for some time. Moreover, at least one of the cases cited by Bennett does not support his view. <u>See</u>

Ager v. Murray, 105 U.S. 126, 130 (1881) (directing that patents be sold and applied to a judgment against a debtor). Put simply, during the past century the law has moved decidedly in the direction of allowing writs of execution for the purpose of compelling the involuntary transfer of intellectual property.[2] See, e.g., Sanders v. Armour Fertilizer Works, 292 U.S. 190, 190 (1934) (holding that creditors may garnish a chose in action and other intangibles); McClaskey v. Harbison-Walker Refractories Co., 138 F.2d 493, 493 (3d Cir. 1943) (holding that debtors' intellectual property could be transferred to creditors by means of *fieri facias*); Platt & Munk Co. v. Republic Graphics, Inc., 315 F.2d 847 (2d Cir. 1963) (holding that the "first sale" that terminates the exclusive right of a patent or copyright holder need not be truly voluntary, but can be reasonably compelled by a court); Lantern Press, Inc. v. American Publishers Co., 419 F. Supp. 1267 (E.D.N.Y. 1976) (holding that a compulsory transfer may be considered a "lawful transfer" if compelled by a court); Cuban Cigar Brands, N.V. v. Tabacalera Popular Cubana, Inc., 2008 WL 4279641, at *5 (S.D. Fla. Sept. 16, 2008) (holding that the court could seize trademark rights and sell them at judicial auction to satisfy a judgment). In general, the immunity that was once afforded to intellectual property rights has eroded. See McClaskey, 138 F.2d at 493; Coldren v. Am. Milling Research & Dev. Inst., 378 N.E. 2d 870, 872 (Ind. Ct. App. 1978). Thus, the undersigned finds the authority cited by Bennett unpersuasive.

Skycam's Application for Writ seeks to execute on:

> Any and all intellectual property in which Bennett claims any interest, including without limitation intellectual property relating to any of the following: (1) a 4 point aerial camera system; (2) a two point camera system which can turn a corner; or (3) a robotic arm camera system for basketball supporting multiple angles from the backboard.

---

[2] Some evidence of this trend appears in the Bankruptcy Code, which although not applicable in this case, has made no distinction between intangible and tangible property rights since the 1978 amendments. See The Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 101-151326 (1978).

(Dkt. 440 at 2). The application defines intellectual property as:

> any and all drawings, notes, plans, designs, renderings, computer files, memoranda, work product, books and records, records of experiments, models, mock-ups, patents, patent applications, draft patent applications, or other written, electronic, or other physical manifestation of any kind, including all draft, preliminary, interim, provisional, and/or final versions of any of the above, containing or reflecting such intellectual property.

Id. To the extent the items described in the application are tangible personal property, there is no doubt, and Bennett does not argue, that the Writ properly encompasses them as "personal property." Likewise, the result is no different to the extent that the items identified in the application consist of intangible personal property in the form of intellectual property. For this reason, the undersigned recommends that the District Court find Bennett's intellectual property to be the proper subject of the Writ and that it deny Bennett's motion.

## Recommendation

Based on the foregoing, the undersigned recommends that defendant's Motion to Recall and to Quash Plaintiff's Writ of Execution (Dkt. 442) be DENIED.

## OBJECTION

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by November 12, 2014.

If specific written objections are timely filed, Fed. R. Civ. P. 72(b)(3) directs the district judge to:

> determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

SUBMITTED this 28th day of October, 2014.

_____
T. Lane Wilson
United States Magistrate Judge