IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SKYCAM, LLC, a Delaware limited liability, )
company, )
                                   Plaintiff, )
v. ) Case No. 09-CV-294-GKF-FHM
PATRICK J. BENNETT, an individual, and )
ACTIONCAM, LLC, an Oklahoma Limited )
Liability Company, )
                                   Defendants, )

## OPINION AND ORDER

Before the court is the Motion to Recall and to Quash Plaintiff Skycam, LLC's Writ of Execution [Dkt. #442] filed by defendant Patrick J. Bennett ("Bennett"), the Report and Recommendation of Magistrate Judge T. Lane Wilson [Dkt. #459] on the motion and the Objections to Magistrate Judge's Report and Recommendation [Dkt. #461] filed by Bennett.

In this case, Skycam, LLC ("Skycam") has judgments against Bennett totaling $2,584.000.00. Skycam became aware that on April 12, 2014, Bennett had registered a new domestic limited liability company named Supracam, LLC, filing #3512448635, and had plans, under the name of Supracam, to develop new designs for a 4 point aerial camera system; a two point camera system which can turn a corner; and a robotic arm camera system for basketball, which could support multiple angles from the backboard. [Dkt. #449 at 1-2 and Exs. A and B thereto]. It sought and was granted a Writ of Execution on:

> Any and all intellectual property in which Bennett claims any interest, including without limitation intellectual property relating to any of the following: (1) a 4 point aerial camera system; (2) a two point camera system which can turn a

corner; or (3) a robotic arm camera system for basketball supporting multiple angles from the backboard.

[Dkt. #440 at 1-2, Dkt. #441]. The application defines intellectual property as:

> . . . any and all drawings, notes, plans, designs, renderings, computer files, memoranda, work product, books and records, records of experiments, models, mock-ups, patents, patent applications, draft patent applications, or other written, electronic, or other physical manifestation of any kind, including all draft, preliminary, interim, provisional, and/or final versions of any of the above, containing or reflecting such intellectual property.

[Dkt. #440 at 2].

In his Motion to Quash, Bennett asserted that the writ may not be used against intellectual property. [Dkt. #442 at 2-3]. The Magistrate Judge found, however, that the writ covers intellectual property, and recommended denial of Bennett's motion. Bennett timely filed his objection to the Report and Recommendation.

**Standard of Review**

Under Fed. R. Civ. P. 72(b)(3), the court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See also* 28 U.S.C. § 636(b)(1).

**Analysis**

Skycam's efforts to collect its judgments against Bennett are governed by Fed. R. Civ. P. 69(a), which provides that a money judgment in federal court may be enforced by a writ of execution, the procedure of which "must accord with the procedure of the state where the court is located." Accordingly, the court looks to Oklahoma statutory law.

Bennett asserts that under Okla. Stat. tit. 12, § 733, execution against intellectual property is excluded. That statue provides:

**Property subject to levy**

> Lands, tenements, goods and chattels, not exempt by law shall be subject to the payment of debts, and shall be liable to be taken on execution and sold . . .

Okla. Stat. tit. 12, § 733. While it is true that the statute does not explicityly list intellectual property, an examination of Oklahoma statutes, including those specifically addressing writs of execution (Chapter 13 of Title 12 of the Oklahoma Statutes (§§ 731-909)), and Oklahoma case law interpreting the statutes, does not support Bennett's position.

Under Oklahoma law, "personal property" includes "money, goods, chattels, things in action and evidences of debt." 25 Okla. Stat. tit. 25, § 6. Further, Okla. Stat. tit. 12, § 841 provides:

**Property, equitable interests subject to execution**

> At any time after judgment, *any property* of the judgment debtor, including any equitable interest he may have, *unless by law expressly excluded from being reached by creditors* shall be subject to the payment of such judgment, by action, or as hereinafter provided.

(emphasis added). Under Oklahoma law, "[e]very kind of property that is not real is personal." Okla. Stat. tit. 60, § 9. "Personal property" includes "money, goods, chattels, things in action and evidences of debt." Okla. Stat. tit. 25, § 26.

Oklahoma courts have broadly construed the statutes in determining the scope of "personal property." *See First Pryority Bank v. Moon*, 326 P.3d 528, 538 (Okla. Civ. App. 2013) (citing Okla. Stat. tit. 60, § 9 and Okla. Stat. tit. 25, § 26, and finding that choses of action are personal property); *Bowles v. Goss*, 309 P.3d 150, 157 (citing, *inter alia*, Okla. Stat. tit. 12, § 841 and upholding district court's order requiring judgment debtors to pay judgment creditors the $31,000 balance on a line of credit from a "reverse mortgage" taken out by debtors); *Indian Land & Trust Co. v. Owen*, 162 P. 818, 822 (Okla. 1916) (under Oklahoma statutes, "after an execution

is returned nulla bona, the judgment creditor may institute an action for the discovery of any money, choses in action, equitable or legal interest, and all other property to which the defendant is entitled and for subjecting the same to the satisfaction of the judgment.").

The court has found no Oklahoma cases specifically addressing whether intellectual property is personal property subject to writs of execution. However, intellectual property—like choses in action, notes, stocks and bonds—is a type of intangible property. *See* Black's Law Dictionary, 10th ed. 2014. Further, as previously noted, under the Oklahoma statutes, "*any property* of the judgment debtor, including any equitable interest he may have, *unless by law expressly excluded from being reached by creditors* shall be subject to the payment of such judgment." Okla. Stat. tit. 60, § 9. The statutes contain no express exclusion of intellectual property. Therefore, the court concurs with the Magistrate Judge's finding that a judgment creditor in Oklahoma has the right to execute on a judgment debtor's intellectual property in an effort to satisfy a judgment.

Bennett relies on *Ager v. Murray*, 105 U.S. 126 (1881) to support his contention that a debtor's interest in patent rights cannot be taken on execution at law.[1] *Ager*, however, predates Rule 69. And the court agrees with the Magistrate Judge's observation that "during the past century the law has moved decidedly in the direction of allowing writs of execution for the purpose of compelling the involuntary transfer of intellectual property." [Dkt. #459 at 5]. Additionally, and as pointed out by Skycam, there is no evidence Bennett has filed for or obtained a patent on the inventions at issue.

---

[1] In *Ager*, a judgment creditor filed a creditor's bill in an attempt to satisfy a monetary judgment against an individual who owned no real or personal property subject to execution at law, but who owned an interest in certain patents. The lower court, exercising its equity powers, ordered that the debtor's patents be sold, that the debtor execute an assignment of the patents to the purchaser. The Supreme Court affirmed the lower court's decision. However, it reaffirmed its holding in *Stephens v. Cady*, 55 U.S. 528 (1852) that "the incorporeal right, secured by the statute to [a copyright or patent holder], * * * being intangible, and resting altogether in grant, is not the subject of seizure or sale [on execution],--certainly not at common law.'" 105 U.S. at 129-130. *See Olive Branch Holdings v. Smith Technology*, 909 N.E.2d 671, 681 (Ohio App. 2009) (discussing *Ager* at length).

Accordingly, the court overrules Bennett's Objection to the Magistrate Judge's Report and Recommendation [Dkt. #461]. The Report and Recommendation [Dkt. #459] is adopted, and Bennett's Motion to Recall and to Quash Plaintiff Skycam, LLC's Writ of Execution [Dkt. #442] is denied.

ENTERED this 24th day of November, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT